OPINION
{¶ 1} Defendant-appellant Jesse Marcum appeals the December 31, 2002 Judgment Entry of the Licking County Municipal Court, which granted judgment in favor of plaintiff-appellee Laurel K. Lewis, and against him.
 STATEMENT OF THE FACTS AND CASE {¶ 2} In November, 2000, appellee purchased residential property from appellant located at 2578 Marion Road, Utica, Ohio. Appellant lived at the residence with his mother and daughter. Appellant, who was having financial problems, wanted the home out of his name to keep it away from creditors. Appellee secured a loan and purchased the property. Appellant agreed to make the mortgage payment on the property. Appellee paid the first mortgage payment in January, 2001. Appellant made the mortgage payments for February, March, and April, 2001. Thereafter, appellant refused to make further payments. Throughout this period, appellant retained possession of the property.
 {¶ 3} According to the testimony, the parties agreed appellant would purchase the property back from appellee in June, 2001. However, appellant was unable to obtain financing. Appellee desired some type of written agreement as to the real estate. Appellant desired a land contract between the parties. After appellee consulted with her attorney, she refused to negotiate such an instrument. Appellee made the mortgage payments in May, June, and July, 2001. It is undisputed new agreements between the parties were never put in writing, and there are no signatures on any of the proposed agreements. The real estate was eventually sold on July 27, 2002.
 {¶ 4} On June 6, 2001, appellee filed a Complaint in Forcible Entry and Detainer. Appellant filed a timely answer. Via Judgment Entry filed October 25, 2001, the trial court permitted appellant to file a counterclaim. Appellee filed an answer to the counterclaim. The matter proceeded to bench trial on June 24, 2002. After hearing the evidence, the trial court granted judgment in favor of appellee and against appellant in the amount of $1,488.79/month for January, May, and June, 2001 rents. The trial court found the rental agreement it enforced to be the one demonstrated by the parties during the months of February, March, and April, 2001. The trial court memorialized its ruling via Judgment Entry filed December 31, 2002.
 {¶ 5} It is from this judgment entry appellant appeals, raising the following assignments of error.
 {¶ 6} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS JUDGMENT ENTRY DATED DECEMBER 31, 2002, WHEN IT GRANTED JUDGMENT TO PLAINTIFF IN THE AMOUNT OF $4,466.37 WHICH REPRESENTS THREE (3) MONTHS OF MORTGAGE PAYMENTS FOR THE SUBJECT REAL PROPERTY AT $1,488.79 PER MONTH WHEN SUCH IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 7} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS JUDGMENT ENTRY DATED DECEMBER 31, 2002, BECAUSE IT CONFUSED THE REASONABLE VALUE OF MONTHLY RENT DUE WITH THE AMOUNT OF THE MONTHLY MORTGAGE PAYMENT DUE FOR THE SUBJECT REAL PROPERTY.
 {¶ 8} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS JUDGMENT ENTRY DATED DECEMBER 31, 2002, WHEN IT HELD THAT THE "DEALINGS OF THE PARTIES AND SPECIFICALLY THE (APPELLANT'S) PAYMENTS, CONSTITUTE SUFFICIENT EVIDENCE TO TAKE THE MATTER FROM THE STATUTE OF FRAUDS. . ."
 {¶ 9} "IV. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ADMITTED AT PAGE 9 OF THE TRANSCRIPT EVIDENCE OF AN AGREEMENT NOT SUED UPON BY APPELLEE.
 {¶ 10} "V. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ADMITTED AT PAGE 13 OF THE TRANSCRIPT HEARSAY EVIDENCE.
 {¶ 11} "VI. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ADMITTED AT PAGE 33 OF THE TRANSCRIPT APPELLEE'S EXHIBITS C AND D.
 {¶ 12} "VII. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DISMISSED APPELLANTS' COUNTERCLAIM."
 I, II, III, IV, V, VI, VII {¶ 13} We note, although appellant sets forth seven assignments of error, his brief does not contain separate arguments with respect to each assignment of error presented; therefore, it is not in compliance App.R. 16(A)(7). Notwithstanding this fact, we shall review appellant's argument, which essentially is a manifest weight of the evidence claim.
 {¶ 14} In its December 31, 2002 Judgment Entry, the trial court found:
 {¶ 15} "The Court finds, regardless of the reasonable rental value, the parties agreed to a specific payment amount, which was the payment amount he paid during February, March, and April. The Court finds the dealings of the parties and specifically the Defendant's payments, constitute sufficient evidence to take the matter from the statute of frauds and flesh out at least those portions of the agreement. The parties are in agreement that that was in fact their deal, the Defendant would sell his property to the Plaintiff to avoid some creditors and that he would make the payments and buy it back from Plaintiff. The Court finds the rental agreement in force to be one that in fact was demonstrated by the parties during February, March, and April. The Court GRANTS judgment in favor of Plaintiff and against Defendant in the sum of $1,488.79/month for January, May and June, being those months Defendant did not make the payment."
 {¶ 16} The trial court implicitly found the parties had a tenancy at will. The law provides that a tenancy at will is created when possession of the premises is taken under an invalid lease. Manifold v.Schuster (1990), 67 Ohio App.3d 251, Upon payment and acceptance of rent, the tenancy at will converts to a periodic tenancy. Id.
 {¶ 17} The uncontroverted evidence of the parties' course of dealing establishes appellant made monthly rental payments in the amount of $1,488.79, despite the fact appellant maintains the property only has a rental value of $500/month. Accordingly, we find the trial court's determination appellant owed appellee three months rent was supported by some competent, credible evidence, and the trial court's findings are not against the manifest weight of the evidence.
 {¶ 18} The fact the repurchase agreement may have been unenforceable because it violated the statute of frauds, does not preclude the use of the oral agreement to otherwise define the terms of the tenancy at will.
 {¶ 19} Appellant's assignments of error are overruled.
 {¶ 20} The judgment of the Licking County Municipal Court is affirmed.
By: Hoffman, P.J., Edwards, J. and Boggins, J. concur.